1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8   LAWRENCE M. BECKER,

9                    Plaintiff,          CASE NO. C11-5830 BHS

10            v.                         ORDER GRANTING MOTION
                                         FOR SUMMARY JUDGMENT
11   CARMEN STEPHANIE MAYS-
     WILLIAMS,
12
13                   Defendant.

14

15        This matter comes before the Court on Defendant Carmen Stephanie Mays-

16   Williams's ("Carmen") motion for summary judgment (Dkt. 32). The Court has

17   considered the pleadings filed in support of and in opposition to the motion and the

     remainder of the file and hereby grants the motion for the reasons stated herein.

18                            **I. PROCEDURAL HISTORY**

19        On October 10, 2011, Plaintiff Lawrence M. Becker ("Becker"), as fiduciary of

20   the Xerox Corporation Savings Plan ("Savings Plan") and The Xerox Corporation

21   Retirement Income Guarantee plan ("RIGP"), filed a complaint for interpleader for the

22

1  Court to determine the proper beneficiaries of Asa Williams Sr.'s ("Williams Sr.")

2  employee benefit plans.  Dkt. 1.

3        On September 28, 2012, Carmen filed a motion for summary judgment.  Dkt. 32.

4  On October 23, 2012, Defendant Asa Williams Jr. ("Asa") responded.  Dkt. 35.  On

5  October 26, 2012, Carmen replied.  Dkt. 38.

6  ## II. FACTUAL BACKGROUND

7        Williams Sr. was employed by Xerox from November 11, 1971, until October

8  2004.  As a Xerox employee, Williams Sr. was entitled to participate in several employee

9  benefit plans, which he did until his death in May 2011.  After Williams Sr. married

10  Carmen in 1993, he designated her as his beneficiary for his employer's Basic Group

11  Term Life Insurance, his Optional Group Term Life Insurance, his Accident Insurance,

12  and his Business Travel Accident Insurance.  Williams Sr. also designated Ms. Mays as

13  the beneficiary of his RIGP and Savings Plan, both of which are "employee benefit

14  plans" pursuant to ERISA § 1002(3), and the terms of which are governed by 2007

15  Restatement documents for the Savings Plan and RIGP.

16        With regard to the change of beneficiary under these plans, Carmen contends that

17  "no documents exist under which [Williams Sr.] validly designated anyone else as his

18  primary beneficiary other than Carmen, even though the parties divorced in 2007."  Dkt.

19  32 at 2.  Asa does not dispute this contention, but Williams Sr.'s sister, Lara Neely,

20  declares that she "saw [Williams Sr.] fill out the form Xerox sent him to change his

21  beneficiary to his natural son Asa Jr., and [she] put it in an envelope, put a stamp on it,

22  and put it in the mailbox in January 2011."  Dkt. 36–5, Declaration of Lara Neely, ¶ 25.

Xerox, however, responded to Williams Sr. that the form could not be considered valid because Williams Sr. "did not sign and/or date the form."  Dkt. 36–6 at 9.

### III. DISCUSSION

**A.    Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477

U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.    Carmen's Motion**

Carmen moves for summary judgment on Asa's claim that Williams Sr. substantially complied with the formalities of changing the beneficiary under the plans from Carmen to Asa.  Dkt. 32.  Asa responds with three arguments to the contrary: (1) Carmen has no standing to make a claim under the plans based on an order issued by a North Carolina state court in Carmen and Williams Sr.'s divorce; (2) the applicable ERISA documents fail to set out any detailed procedure for changing beneficiaries; and (3) William Sr. either complied or substantially complied with the requisite formalities. Dkt. 35.

**1.    State Court Order**

Asa provides no authority for the proposition that the state court order controls the outcome of this dispute based on Williams Sr.'s intent to prevent Carmen from receiving benefits under the plans.  On the other hand, Carmen provides authority for the proposition that "ERISA forecloses any justification for enquiries into expressions of

intent, in favor of the virtues of adhering to an uncomplicated rule." *Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 555 U.S. 285, 301 (2009) (holding that a waiver of rights in a divorce decree did not operate to alter an ERISA beneficiary).  Therefore, Asa's argument is without merit.

### 2.     Clarity

Asa argues that the plan documents "provide no procedure for changing beneficiaries."  Dkt. 35 at 3.  Asa fails to cite a single authority in making this argument and provides no explanation for the proposition that summary judgment would not be proper if certain documents were unclear.  Therefore, Asa's argument is without merit.

### 3.     Compliance

Asa argues that Williams Sr. strictly complied with the forms Xerox provided him. Asa, however, provides no authority for the proposition that strict compliance with Xerox's documents entitles him to relief against Carmen.  Therefore, the argument is without merit.

Asa argues that William Sr. substantially complied with ERISA's beneficiary changing procedures.  Dkt. 35 at 7–16.  The issue of substantial compliance is determined by the law of the forum state.  *BankAmerica Pension Plan v. McMath*, 206 F.3d 821, 829–830 (9th Cir. 2000) (applying California law).  In Washington

> substantial compliance mean[s] that the insured had done everything required by the insurance policy that he could do to change the beneficiary and that only the ministerial acts of the insurer were needed to effect the change.

*Williams v. Bank of California, N. A.*, 96 Wn.2d 860, 866 (1982).

1   In this case, Asa has failed to submit evidence that creates a question of fact that

2   Williams Sr. substantially complied with the change of beneficiaries procedures.  Ms.

3   Neely's declaration that she witnessed Williams Sr. "fill out the form" and place it in a

4   mailbox may have created a question of fact if Xerox had not responded that they

5   received the documents unsigned and/or undated.  Therefore, the Court grants Carmen's

6   motion for summary judgment.

7   Asa's other arguments regarding Williams Sr.'s "intent" and the equitable nature

8   of the proceedings are unsupported by applicable case law.  In fact, case law supports

9   compliance with ERISA's uncomplicated rule.  *Kennedy*, 555 U.S. at 301.  Although Asa

10  submitted some evidence that shows that Williams Sr. intended to change the beneficiary,

11  the standard is that Williams Sr. did everything required and all that was left was

12  "ministerial acts of the insurer . . . ."  *Williams*, 96 Wn.2d at 866.  Asa has not met this

13  standard.

## IV. ORDER

15  Therefore, it is hereby **ORDERED** that Carmen's motion for summary judgment

16  (Dkt. 32) is **GRANTED**.  The Clerk is directed to enter **JUDGMENT** in favor of

17  Carmen and close this case.

18  Dated this 10th day of December, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge