UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAWRENCE M. BECKER, as fiduciary of the Xerox Corporation Savings Plan and Xerox Corporation Retirement Income Guarantee Plan,

Plaintiff,

v.

CARMEN STEPHANIE MAYS-WILLIAMS, and ASA WILLIAMS, JR., as personal representative of the Estate of Asa Willie Williams,

Defendants.

CASE NO. C11-5830 BHS

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Defendant Asa Williams, Jr.'s ("Asa Jr.") motion for reconsideration (Dkt. 44). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On October 10, 2011, Plaintiff Lawrence M. Becker ("Becker"), as fiduciary of the Xerox Corporation Savings Plan and The Xerox Corporation Retirement Income Guarantee plan, filed a complaint for interpleader for the Court to determine the proper beneficiaries of Asa Williams, Sr.'s ("Asa Sr.") employee benefit plans. Dkt. 1.

On September 28, 2012, Defendant Carmen Stephanie Mays-Williams ("Carmen") filed a motion for summary judgment. Dkt. 32. On December 11, 2012, the Court granted the motion. Dkt. 42. On December 13, 2012, Asa Jr. filed a motion for reconsideration. Dkt. 44. On December 18, 2012, the Court requested a response from Carmen on the issue of whether certain forms were "documents and instruments governing the plans in question." Dkt. 46. On December 31, 2012, Carmen responded. Dkt. 47. On January 4, 2012, Asa Jr. replied. Dkt. 49.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1). In this case, Asa Jr. argues that the Court committed manifest error in concluding that Asa Sr. failed to either strictly or substantially comply with the terms of the plan. Dkt. 44.

The "plan administrator is obliged to act 'in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions . . . of [ERISA] . . . .'" *Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 555 U.S. 285, 300 (2009). Both the Xerox Retirement Income Guarantee Plan ("RIGP") and the Xerox Corporation Savings Plan ("Savings Plan") documents required an effective change of beneficiary form. Dkt. 47 at 2–5. It is undisputed that the change of beneficiary forms were mailed to Asa Sr. Asa Jr. has failed to show that Asa Sr. either strictly or substantially complied with the requirement of signing a form and returning it to the plan administrator.

## III. ORDER

Therefore, it is hereby **ORDERED** that Asa Jr.'s motion for reconsideration (Dkt. 44) is **DENIED**.

Dated this 22nd day of January, 2013.

BENJAMIN H. SETTLE
United States District Judge