UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAWRENCE M. BECKER, as fiduciary of the Xerox Corporation Savings Plan and Xerox Corporation Retirement Income Guarantee Plan,<br><br>Plaintiff,<br><br>v.<br><br>CARMEN STEPHANIE MAYS-WILLIAMS, et al.,<br><br>Defendants. | CASE NO. C11-5830 BHS<br><br>ORDER GRANTING DEFENDANT'S DISCOVERY MOTION |

This matter comes before the Court on Defendant Carmen Stephanie Mays-Williams's ("Mays-Williams") motion for relief from case schedule, to compel, and for discovery sanctions (Dkt. 67). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On April 28, 2015, the Court issued a scheduling order setting August 24, 2015 as the deadline for discovery motions and September 21, 2015 as the discovery deadline. Dkt. 61.

ORDER - 1

On August 28, 2015, Mays-Williams sent Defendant Asa Williams, Jr.'s ("Asa Jr.") counsel a notice of deposition scheduling a deposition for September 11, 2015. Dkt. 68-2. Initially the parties worked toward a mutually acceptable date for the deposition. *See* Dkt. 68-4. Mays-Williams sent notice of the deposition of Asa Jr. to his counsel for a September 11, 2015 deposition date to accommodate the August vacation schedule and prior work commitments of Asa Jr.'s counsel. However, Asa Jr.'s counsel refused to have his client attend any deposition based on Washington's deadman statute. Dkt. 68-5.

On September 21, 2015, Mays-Williams filed the instant motion requesting relief from the Court's deadlines, an order to compel the deposition of Asa Jr., and for sanctions. Dkt. 67. On October 5, 2015, Asa Jr. responded. Dkt. 71. On October 9, 2015, Mays-Williams replied. Dkt. 74.

## II. DISCUSSION

A party may depose any other party without leave of court, and attendance may be compelled by subpoena. Fed. R. Civ. P. 30(a). A party's failure to appear for a deposition is sanctionable conduct that can, in extreme circumstances, result in dismissal of the party failing to attend. Fed. R. Civ. P. 37(d). In other words, failure to attend a properly noted deposition is inexcusable absent sufficient cause.

In this case, it is undisputed that Asa Jr. failed to attend a deposition that was compelled by subpoena. Although Asa Jr. argues that the deposition was somehow not timely, Mays-Williams served the notice before the Court's discovery deadline. Now, Asa Jr. defends this motion asserting that, though the discovery deadline was September 21, 2015 (after the scheduled deposition date), the discovery *motion* deadline had expired

on August 24, 2015.  This conduct raises doubt as to Asa Jr.'s counsel's good faith when it appears that counsel for Mays-Williams was willing to accommodate the schedule of Asa Jr.'s counsel.  Instead, Asa Jr. objected to the deposition not only because Mays-Williams missed the deadline for a discovery motion, but also because he argues that there can be no relevant evidence gained from Asa Jr.'s deposition.  This later argument is completely without merit.  Asa Jr.'s other arguments in support of his failure to attend are also without merit.  Therefore, the Court grants Mays-Williams's motion to compel and defers ruling on sanctions against Asa Jr.'s counsel.  If there are any further unjustified positions taken by him, the Court will revisit this request.

### III. ORDER

Therefore, it is hereby **ORDERED** that Mays-Williams's motion for relief from case schedule, to compel, and for discovery sanctions (Dkt. 67) is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 3rd day of November, 2015.

BENJAMIN H. SETTLE  
United States District Judge