1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAWRENCE M. BECKER,

                    Plaintiff,

v.

CARMEN STEPHANIE MAYS-
WILLIAMS and ASA WILLIAMS JR.,

                    Defendants.

CASE NO. C11-5830 BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

        This matter comes before the Court on Defendant Asa Williams Jr.'s ("Asa Jr.")

motion for summary judgment (Dkt. 64). The Court has considered the pleadings filed in

support of and in opposition to the motion and the remainder of the file and hereby denies

the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

        On October 10, 2011, Plaintiff Lawrence M. Becker ("Becker"), as fiduciary of

the Xerox Corporation Savings Plan ("Savings Plan") and The Xerox Corporation

Retirement Income Guarantee Plan ("RIGP"), filed a complaint for interpleader for the

1  Court to determine the proper beneficiaries of Asa Williams Sr.'s ("Asa Sr.") employee

2  benefit plans.  Dkt. 1.

3        On September 28, 2012, Defendant Carmen Stephanie Mays-Williams ("Carmen")

4  filed a motion for summary judgment.  Dkt. 32.  On December 11, 2012, the Court

5  granted the motion and judgment was entered in favor of Carmen.  Dkts. 43 & 44.  On

6  January 28, 2015, the Ninth Circuit reversed and remanded.  Dkt. 55.

7        On September 21, 2015, Asa Jr. filed the instant motion for summary judgment.

8  Dkt. 64.  On October 13, 2015, Carmen responded.  Dkt. 78.  On October 16, 2015, Asa

9  Jr. replied.  Dkt. 82.

## II. FACTUAL BACKGROUND

11       The relevant facts are set forth in the Ninth Circuit's opinion and need not be

12  repeated here.  *Becker v. Williams*, 777 F.3d 1035, 1036–1038 (9th Cir. 2015).  Although

13  the parties submitted additional evidence, only a few facts are necessary to resolve the

14  instant dispute and those facts are set forth in the analysis below.

## III. DISCUSSION

16  **A.    Motions to Strike**

17       Both parties move to strike evidence submitted by the other party.  First, Carmen

18  renews her motion to strike declarations that were submitted in the first round of

19  summary judgment briefing.  Dkt. 78 at 22.  Carmen argued that the evidence is "replete

20  with unsupported legal claims, accusations, hearsay, conclusions and opinions not based

21  on the declarants' personal knowledge."  Dkt. 38 at 10.  While Carmen's position has

22  merit, the Court declines to engage in a paragraph-by-paragraph evidentiary analysis.

1    Instead, the Court will specifically identify the admissible evidence that it relies upon in

2    reaching its decision.

3         Next, Asa Jr. moves to strike Carmen's declaration and her daughter Andrea

4    Elliot's declaration because they are precluded from testifying under Washington's

5    Deadman's Statute and because their statements are irrelevant.  Dkt. 82 at 2–6.  With

6    regard to the former, the statute only applies to actions brought on behalf of the estate and

7    not to actions involving parties in their individual capacities.  *Erickson v. Robert F. Kerr,*

8    *M.D., P.S., Inc.*, 125 Wn. 2d 183, 189–190 (1994); *Maciejczak v. Bartell*, 187 Wn. 113,

9    60 P.2d 31 (1936) (Deadman Statute only applies to actions brought on behalf of estate).

10   Thus, despite Asa Jr.'s argument that the policy of the Deadman Statute may still be

11   applied to the present action (Dkt. 82 at 2–3), the Court declines to strike the declarations.

12   With regard to relevancy, the Court declines to engage in relevancy determination at this

13   stage of the proceeding.  In other words, if the declarations are relevant, the Court will

14   specifically cite the facts relevant to the Court's consideration.

15   **B.    Summary Judgment**

16        The Ninth Circuit held that the designation forms were not plan documents, the

17   plan administrator did not exercise his discretion, and the remaining inquiry is "whether

18   Asa [Sr.] strictly or substantially complied with the governing plan documents."  *Becker*,

19   777 F.3d at 1041.

20        **1.    Standard**

21        Summary judgment is proper only if the pleadings, the discovery and disclosure

22   materials on file, and any affidavits show that there is no genuine issue as to any material

1  fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

2  The moving party is entitled to judgment as a matter of law when the nonmoving party

3  fails to make a sufficient showing on an essential element of a claim in the case on which

4  the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

5  323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

6  could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

7  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

8  present specific, significant probative evidence, not simply "some metaphysical doubt").

9  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists

10  if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

11  jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477

12  U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

13  626, 630 (9th Cir. 1987).

14         The determination of the existence of a material fact is often a close question. The

15  Court must consider the substantive evidentiary burden that the nonmoving party must

16  meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477

17  U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual

18  issues of controversy in favor of the nonmoving party only when the facts specifically

19  attested by that party contradict facts specifically attested by the moving party.  The

20  nonmoving party may not merely state that it will discredit the moving party's evidence

21  at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*

22  *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

1   nonspecific statements in affidavits are not sufficient, and missing facts will not be

2   presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

3          **2.     Strict Compliance**

4          Carmen argues that the strict compliance standard does not apply to this

5   interpleader action. Dkt. 78 at 10–12. While Asa Jr. "agree[s] that state law applies and

6   [the] doctrine of substantial compliance applies," he also "believes" that Asa Sr. strictly

7   complied with the governing documents. Dkt. 82 at 9. Asa Jr., however, fails to cite any

8   Washington authority applying the doctrine of strict compliance to interpleader actions.

9   As such, the Court adopts Carmen's position and the authority cited therein that

10  substantial compliance is the appropriate standard for this interpleader action. *See* Dkt.

11  78 at 10–12. Therefore, the Court declines to consider whether Asa Sr. strictly complied

12  with the plan documents.

13         **3.     Substantial Compliance**

14         The issue of substantial compliance is determined by the law of the forum state.

15  *BankAmerica Pension Plan v. McMath*, 206 F.3d 821, 829–830 (9th Cir. 2000) (applying

16  California law). "Substantial compliance with the terms of the policy means that the

17  insured has not only manifested an intent to change beneficiaries, but has done everything

18  which was reasonably possible to make that change." *Allen v. Abrahamson*, 12 Wn. App.

19  103, 105 (1974). With regard to intent, the court elaborated that

20         The rule requiring substantial compliance with the policy terms in
           effectuating a change of beneficiary becomes necessary for the purpose of
21         demonstrating with a high degree of certainty that the deceased insured
           unequivocally desired to make that change, and that he did not some time

22

thereafter abandon his purpose by failing to take affirmative steps to carry
out his intent.

*Id.* at 107.  With regard to steps taken to effectuate the challenged change of beneficiary,

"substantial compliance mean[s] that the insured had done everything required by the

insurance policy that he could do to change the beneficiary and that only the ministerial

acts of the insurer were needed to effect the change."  *Williams v. Bank of California, N.*

*A.*, 96 Wn.2d 860, 866 (1982).  In its opinion, the Ninth Circuit cautioned that

"[s]ummary judgment is notoriously inappropriate for determination of claims in which

issues of intent, good faith and other subjective feelings play dominant roles."  *Becker*,

777 F.3d at 1041 (quoting *Krishna v. Colgate Palmolive Co.*, 7 F.3d 11, 16 (2d Cir.

1993)).

In this case, Carmen has shown that questions of material fact exist on the issue of

Asa Sr.'s intent.  For example, Asa Sr. was repeatedly informed that he must sign and

return the beneficiary forms in order to complete the change of beneficiary.  Although

these forms are not plan documents, failure to complete the simple task of signing and

returning them raises an inference that it was not Asa Sr.'s unequivocal desire to change

the beneficiary.  This failure, combined with Carmen's testimony that, to avoid

confrontation, Asa Sr. would pretend to do certain things to please people, but not

actually accomplish the requested task, could lead a reasonable juror to conclude that Asa

Sr. abandoned his manifested intent.  Therefore, the Court finds that material questions of

fact preclude summary judgment.

1

## IV. ORDER

2        Therefore, it is hereby **ORDERED** that Asa Jr.'s motion for summary judgment

3   (Dkt. 64) is **DENIED**.

4        Dated this 16th day of November, 2015.

5

6

                         BENJAMIN H. SETTLE

7                            United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22